**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL KARASTEV, | ) | |
| Petitioner, | ) | |
| | ) | No. 21 CV 50327 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| JASON GARNETT, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION ORDER**

After a trial, a jury convicted Petitioner Michael Karastev[1] of trafficking

more than 5000 grams of marijuana. The trial court sentenced him to 12 years of

imprisonment. Mr. Karastev's efforts to overturn his conviction through direct

appeal and a post-conviction petition in state court have been unsuccessful.

Mr. Karastev now seeks relief from this Court through a petition for a writ of

habeas corpus filed under 28 U.S.C. § 2254. Dkt. 1. Respondent Jason Garnett

answered the petition. Dkt. 15. Mr. Garnett filed a supplemental response in light

of a post-conviction petition. Dkt. 50. Mr. Karastev has not responded. The petition

is now ripe for a decision without the benefit of a reply. For the reasons that follow,

the Court denies the petition for a writ of habeas corpus and declines to issue a

certificate of appealability.

**I.      Background**

The Court presumes the state court's factual findings are accurate, including

the facts set forth in the state appellate court's opinion on Mr. Karastev's direct

---

[1] Petitioner's last name is spelled "Karavastev" throughout the state court proceedings. The Court
will use the spelling provided in the petition. *See* dkt. 7.

1

appeal, in the absence of clear and convincing evidence to the contrary presented by Mr. Karastev. See 28 U.S.C. § 2254(e)(1); *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020). The following are the facts as set forth in the state appellate court's opinion. *People v. Karavastev*, Nos. 2-16-0556 & 2-18-0147, Summary Order (Ill. App. Ct. Dec. 23, 2019)).

In December 2012, McHenry County police were informed that a Mercedes cargo van with California plates would be travelling to the area with marijuana. Police learned that the van was parked at a Menard's in Crystal Lake. A K-9 unit alerted officers that the van contained contraband. After the van left Menard's, officers saw the van commit traffic violations and stopped the vehicle. A K-9 unit again alerted the officers to the existence of contraband, and a search of Mr. Karastev's vehicle revealed the presence of over 5000 grams of marijuana. After the stop, Mr. Karastev told officers that he had transported marijuana to Illinois twice before.

An officer purportedly told a grand jury that he stopped Mr. Karastev during a "routine patrol" because of the traffic violation. Officers later revealed at an evidentiary hearing that a confidential informant had told them that a vehicle matching the description of Mr. Karastev's would be traveling in the area carrying marijuana.

Before learning about the confidential informant, Mr. Karastev, represented by counsel, moved to suppress the evidence seized by police on the grounds that they didn't have a reason to stop his vehicle. He didn't amend the motion to

suppress once he learned about the confidential informant. He also moved to exclude the evidence the informant provided police on the grounds that the police's failure to provide him with this evidence until after he filed the motion to suppress was a basis for suppressing the evidence. The trial court denied both motions. Mr. Karastev's counsel never moved to suppress statements Mr. Karastev made to police admitting to the prior transportation of marijuana. Mr. Karastev's counsel also failed to attend a hearing on the State's motion in limine seeking, among other things, admission of those same statements. The trial court granted that motion in its entirety. Following trial, the jury convicted Mr. Karastev of trafficking more than 5000 grams of marijuana

On direct appeal, Mr. Karastev, now representing himself, argued that he was denied effective assistance of counsel when (1) his attorney failed to amend the motion to suppress to incorporate new facts; (2) his attorney failed to answer or object to the state's motion in limine; and (3) his attorney failed to seek to suppress his statements admitting to prior transportation of marijuana. In his reply brief, Mr. Karastev argued for the first time that his confession should have been suppressed because it was not memorialized. The appellate court determined that Mr. Karastev had waived this argument and declined to consider it. The appellate court also rejected Mr. Karastev's other arguments. [2] It found that amending the motion to suppress would have been meritless because the traffic violations gave the police a basis for the stop. It also found that moving to suppress Mr. Karastev's

---

[2] As explained further below, the appellate court combined Mr. Karastev's second and third claims into one claim about the suppression of his statements to Detective Draftz.

statements or objecting to the motion in limine would have been meritless. The evidence was properly admitted for the purpose of proving Mr. Karastev's intent and knowledge.[3] It wasn't used for the impermissible purpose of demonstrating Mr. Karastev's propensity to commit crimes

Still representing himself pro se, Mr. Karastev filed a Petition for Leave to Appeal (PLA) to the Illinois Supreme Court. This petition raised two arguments: (1) whether the appellate court abused its discretion in declining to consider his argument about the admission of the non-memorialized confession and (2) "whether the appellate court abused its' [sic] discretion in determining that counsel's performance did not amount to ineffective assistance of counsel and for his failure to attend the hearing upon the State's motion in limine or otherwise object." The Illinois Supreme Court denied the PLA.

Mr. Karastev, represented by counsel once again, raises three issues in the habeas petition presented to this Court: (1) failure to amend the motion to suppress after new facts were disclosed, (2) failure to respond to the motion in limine, and (3) failure to suppress statements Mr. Karastev made about prior transportation of marijuana.

The Court granted Mr. Karastev's request to stay this action while he pursued post-conviction relief in state court. Dkt. 19. Through this, Mr. Karastev claimed that he had been denied the right to be present at pre-trial hearings. The appellate court upheld the Circuit Court of McHenry County's rejection of Mr.

---

[3] Mr. Karastev's chief argument was that he didn't know that he was transporting marijuana.

Karastev's petition for relief. Mr. Karastev didn't file a PLA with the Illinois Supreme Court.

## II.   Analysis

### a.  Procedural Default

A district court can consider the substantive constitutional claims of a habeas petition only if "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement includes the implicit condition that petitioners must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (alteration in original) (internal quotation marks omitted).

In both Illinois and the Seventh Circuit, pro se filings are interpreted liberally. *People v. Hodges*, 912 N.E.2d 1204, 1214 (Ill. 2009); *Small v. Woods*, 146 F.4th 590, 597-98 (7th Cir. 2025). With that in mind, Petitioner only needed to "alert the state court to the basis for his constitutional claim." *Brown v. Eplett*, 48 F.4th 543, 555 (7th Cir. 2022). For an ineffective assistance of counsel claim, the petitioner "must have 'identified the specific acts or omissions of counsel that form the basis for [his] claim of ineffective assistance.'" *Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009) (quoting *Momient-El v. DeTella,* 118 F.3d 535, 541 (7th Cir. 1997)).

Mr. Garnett argues that all of Mr. Karastev's claims are procedurally defaulted because he didn't present them to the Illinois Supreme Court. Mr.

Karastev's plea to the appellate court included three ineffective assistance of counsel claims. First, he argued that trial counsel was ineffective for failing to amend the motion to suppress to incorporate new facts. This claim appears nowhere in Mr. Karastev's PLA to the Illinois Supreme Court. For that reason, it's procedurally defaulted, and this Court can't consider it.

Second, Mr. Karastev offered two arguments that are essentially the same: that trial counsel was ineffective by failing to respond the State's motion in limine to, among other things, admit statements by Mr. Karastev describing a prior experience picking up marijuana and transporting it to Illinois and by failing to move to suppress Mr. Karastev's statements admitting that he had both committed the charged offense and transported marijuana to Illinois on two prior occasions.[4]

Petitioner argues that Mr. Karastev procedurally defaulted both of these related arguments by failing to raise them with the Illinois Supreme Court in his PLA. However, the PLA plainly describes Mr. Karastev's challenge to the admittance of his statements to Detective Draftz. Those issues were also presented to the appellate court and are therefore properly preserved for consideration by this Court.[5]

---

[4] Although the state's motion in limine included subjects other than Mr. Karastev's testimony to Detective Draftz, Mr. Karastev presented no argument on the other subjects.

[5] To some extent, Mr. Karastev seems to separate his counsel's failure to attend the hearing on the state's motion in limine from his counsel's substantive failure to prevent the admission of inculpatory statements. Even if this separate ineffective assistance of counsel claim wasn't procedurally defaulted, it would still fail substantively. As explained below, trial counsel lacked grounds to object to the admission of Mr. Karastev's statements. Counsel's presence at a motion in limine hearing wouldn't have changed this. In no way was Mr. Karastev prejudiced by his counsel's non-appearance.

### b. AEDPA

The Sixth Amendment entitles a criminal defendant to "effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009) (quoting *Strickland v. Washington,* 466 U.S. 668, 686, 688 (1984) (citation modified)). A defendant demonstrates the ineffectiveness of counsel by showing that counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687.

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets an intentionally demanding standard for federal court review of ineffective assistance of counsel claims by individuals convicted of crimes in state court. *See* 28 U.S.C. 2254(d). A petitioner must show that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of" federal law as determined by the Supreme Court, or that the state court's analysis "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." *Id.*

Mr. Karastev doesn't challenge any factual determinations, so the Court will focus on the appellate court's application of federal law. The appellate court determined that any objection to the admission of Mr. Karastev's statements would have been meritless because the statements demonstrated his present intent. The Court further concluded Mr. Karastev's trial counsel couldn't be ineffective for

failing to contest the admission of these statements because counsel can't be ineffective for failing to raise meritless issues.

In the petition, habeas counsel argues, without citation to legal authority, that trial counsel should have objected to the admission of Mr. Karastev's statements because they were the primary pieces of evidence used to demonstrate that Mr. Karastev knew he transported marijuana. The substance of the argument is that counsel should have objected to this because it harmed Mr. Karastev's defense.[6] The fact that evidence is damaging to one's case isn't a basis for seeking its exclusion. *United States v. Medina*, 755 F.2d 1269, 1274 (7th Cir. 1985).[7] Any objection based only on the evidence's harmfulness is meritless. The refusal to make a meritless objection can't be the basis for an ineffective assistance of counsel claim. *See Resnick v. United States*, 7 F.4th 611, 622 (7th Cir. 2021) ("As we have held, counsel does not need to raise meritless arguments."). Mr. Karastev's habeas counsel doesn't seriously contest this or the admissibility of the statements. Habeas

---

[6] Habeas counsel also argues "the trial testimony established that Michael Karastev's statements should and would have been suppressed had a suppression motion been made." This statement is unsupported by any citations to the record that would assist a reviewing court in assessing such a claim. The failure to present any evidence to support this claim waives the argument. *See Martinez v. Colvin*, 12 CV 50016, 2014 U.S. Dist. LEXIS 41754, at *26-27 (N.D. Ill. Mar. 28, 2014) ("[T]he Court notes that parties should not view judges as bloodhounds who are merely given a whiff of an argument and then expected to search the record high and low in an effort to track down evidence to locate and capture a party's argument.").

[7] Even fictional lawyers and judges understand this concept as the following exchange illustrates:
Mr. Reede: "Your honor I object!"
Judge Marshall Stevens: "And why is that Mr. Reede?"
Mr. Reede: "Because it's devastating to my case!"
Judge Marshall Stevens: "Overruled."
Mr. Reede: "Good call!"
Joseph Gardiner, *Liar Liar (1997) Devastating to My Case*, at 2:16-2:24 (YouTube, Jan. 23, 2026), https://www.youtube.com/watch?v=iO4Sk2yul6E.

counsel has given the Court no reason to even doubt the conclusions of the appellate court. Given that, Mr. Karastev has failed to satisfy AEDPA's high bar.

Mr. Karastev's § 2254 petition fails to show that the state appellate court's decision was contrary to or an unreasonable application of clearly established Federal law. Accordingly, the Court denies the petition for a writ of habeas corpus.

### c. Certificate of Appealability

Under Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *see Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). The Court's denial of Mr. Karastev's habeas petition relies on settled precedent, and its application of this precedent to the claims in his petition does not present difficult or close questions. Accordingly, the Court declines to issue a certificate of appealability.

Entered: July 24, 2026          By: _____

                                            Iain D. Johnston
                                            U.S. District Judge

9